# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2010

No. 09-60524
Summary Calendar

Lyle W. Cayce
Clerk

GOVINDAN KAVERI,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A076 135 341

Before WIENER, CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Govindan Kaveri, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) order of removal, which pretermitted a decision on adjustment of status under 8 U.S.C. § 1255(a). Kaveri does not challenge the determinations that he is removable under 8 U.S.C. § 1227(a)(1)(B) as an alien who was admitted as a nonimmigrant but remained longer than permitted, or that he is ineligible for a waiver of removability under 8 U.S.C. § 1227(a)(1)(H).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the denial of Kaveri's Section 1255(a) application is limited to "constitutional claims or questions of law."  8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D). The Attorney General has the discretion to adjust the status of an alien who was inspected and admitted into the United States to that of a lawful permanent resident "if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." § 1255(a) (INA § 245(a)); 8 C.F.R. § 1245.1(a).  In relevant part, the IJ determined that under 8 U.S.C. § 1154(c), Kaveri was not eligible to receive an immigrant visa because the evidence supported a determination by immigration authorities that Kaveri had entered into his first marriage for the purpose of evading the immigration laws.  Kaveri's arguments that the IJ's finding failed to properly apply BIA precedent or to properly allocate the burden of proof are unavailing. Kaveri does not argue that his second wife's immediate relative visa petition has been approved or that such a visa would be immediately available if he applied for adjustment.  We find no legal error in the determination that Kaveri was ineligible for adjustment of status.  Kaveri's petition for review is DENIED.